UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIU INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MCKESSON CORPORATION, <br><br> Defendant. | Case No. 20-cv-07469-JSC <br><br> **ORDER RE: STIPULATION FOR ENTRY OF JUDGMENT UNDER RULE 54(b)** <br><br> Re: Dkt. No. 152 |

The parties have stipulated that the Court enter judgment, under Federal Rule of Civil Procedure 54(b), of the Court's partial summary judgment order, (Dkt. No. 142).[1] (Dkt. No. 152; *see* Dkt. Nos. 149, 150.)

"When an action presents more than one claim for relief . . . or when multiple parties are involved," Rule 54(b) allows a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). The Court's partial summary judgment order is "sufficiently divisible from the other claims such that the case would not inevitably come back to this court on the same set of facts." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (cleaned up). Resolution of an appeal of the proposed Rule 54(b) judgment will answer threshold questions of policy coverage and "streamline further litigation." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987). Additionally, there is no just reason for delay, as all parties have stipulated to Rule 54(b) judgment and such a judgment will serve judicial administrative interests as well. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Finally, a stay pending resolution of an appeal of the proposed Rule 54(b)

---

[1] Record citations are to material in the Electronic Case File ("ECF") in Case No. 20-cv-07469-JSC; pinpoint citations are to the ECF-generated page numbers at the top of the documents.

judgment is appropriate here. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *e.g.*, *St. Paul Mercury Ins. Co. v. Tessera, Inc.*, No. C–12–01827 RMW, 2013 WL 5400521, at *3 (N.D. Cal. Sept. 26, 2013), *rev'd on other grounds*, 624 F. App'x 535 (9th Cir. 2015).

Accordingly, the Court GRANTS the stipulation, (Dkt. No. 152), and:

1. ENTERS JUDGMENT pursuant to Rule 54(b) on its Order dated April 5, 2022, (Dkt. No. 142), which granted partial summary judgment in favor of National Union Fire Insurance Company of Pittsburgh, PA ("NU") and ACE Property and Casualty Insurance Company ("ACE"), denied partial summary judgment for McKesson, and ruled that NU has no duty to defend McKesson under Policy No. 5443284 (July 1, 2008 – July 1, 2009) and ACE has no duty to defend McKesson under Policy No. XOO G27610390 001 (July 1, 2015 – July 1, 2016) with respect to the following lawsuits: (a) *County of Cuyahoga v. Purdue Pharma L.P., et al.*, No. 17-OP-45004 (N.D. Ohio); (b) *County of Summit v. Purdue Pharma L.P., et al.*, No. 18-OP-45090 (N.D. Ohio); and (c) *Oklahoma v. McKesson Corp.*, No. CJ-2020-84 (Bryan Cnty., Okla.); and

2. STAYS all remaining claims in Case Nos. 20-cv-07469-JSC and 20-cv-09356-JSC pending the resolution of any appeal of the Rule 54(b) judgment. (*See* Dkt. No. 84.)

McKesson's motion for entry of judgment, (Dkt. No. 149), and the earlier stipulation, (Dkt. No. 150), are DENIED as moot.

**IT IS SO ORDERED.**

Dated: July 6, 2022

JACQUELINE SCOTT CORLEY
United States District Judge